UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHNATHAN HARRIS,                      )
                                       )
            Plaintiff,                 )
                                       )          Case No.  CIV-20-505-SLP
v.                                     )
                                       )
OXBOW CARBON LLC,                      )
                                       )
            Defendant.                 )

## COMPLAINT

Plaintiff, Johnathan Harris alleges as follows:

## NATURE OF ACTION

1. This is an action seeking judgement against Oxbow Carbon, LLC (hereinafter "Oxbow") for wrongful termination, invasion of privacy, and intrusion upon seclusion.

2. The Oklahoma Statutes authorize the ability for a person to obtain a medical marijuana license and obtain and consume marijuana legally.

3. The Oklahoma Statutes further provide protection to medical marijuana license holders from unlawful termination by employers.

4. Plaintiff, Johnathan Harris (hereinafter "Harris")  was employed by Oxbow and was at all times relevant to this matter a lawful medical marijuana license holder.

5. Oxbow unlawfully terminated Harris due to a drug test that was positive for marijuana.

1

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action under 28 U.S.C. § 1332.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because events or omissions giving rise to the Plaintiff's claims occurred there and because the Defendant resides there.

## PARTIES

8. The Defendant, Oxbow is a business entity located and operating in Garfield County, State of Oklahoma.

9. Plaintiff, Harris was at all relevant times a "medical marijuana license holder" as is provided by 63 O.S. § 420 et. seq. having applied for and received his license months prior to the incidents giving rise to this suit.  Plaintiff was therefore entitled to the protections afforded by 63 O.S. § 420 and has standing under 63 O.S. § 425(B) to bring this action.

10. At all times relevant to this action, Defendant was an "employer" within the meaning of 63 O.S. § 425(B).

11. The acts and/or omissions giving rise to this lawsuit occurred in Kremlin, Garfield County, Oklahoma.

## FACTUAL ALLEGATIONS

12. Harris was employed by Oxbow for approximately two (2) years as a Fifth Slot Operator.

13. On June 18, 2019, Plaintiff was terminated from his position as a Fifth Slot Operator under circumstances alleged by Plaintiff to be wrongful, including wrongful termination pursuant to *Burke v. K-Mart Corp.* 1989 OK 22; 770 P.2d 24 (1989) and in violation of 63 O.S. §425(B).

14. Oxbow's employee told Plaintiff that his employment was terminated due to a drug test positive for marijuana. Defendant's employee stated that because marijuana is federally illegal his employment was being terminated.

15. Plaintiff possesses a medical marijuana license issued by the State of Oklahoma.

16. Defendant did not allege to Plaintiff that he used or possessed marijuana during his hours of employment, because he did not. Rather, the basis for termination of Plaintiff was due to a drug test positive for marijuana.

17. Multiple times Plaintiff tried to provide Defendant with a copy of his medical marijuana patient license, but they refused to see it or acknowledge it.

## LEGAL AUTHORITY

18. 63  O.S. §420(A)(1) provides that "A person in possession of a state issued medical marijuana shall be able to consume marijuana legally."

19. 63 O.S. §425(B), the Oklahoma Statute codifying State Question 788 provides "[u]nless a failure to do so would cause an employer to *imminently* lose a monetary or licensing related benefit under federal law or regulations, an employer may not discriminate against a person in hiring, termination or imposing any term or condition of employment of otherwise penalize a person based upon either:

a. The person's status as a medical marijuana license holder; or

b. Employers may take action against a holder of a medical marijuana license holder if the holder uses or possesses marijuana while in the holder's place of employment or during the hours of employment. Employers may not take action against the holder of a medical marijuana license solely based upon the status of an employee as a medical marijuana license holder or the results of a drug test showing positive for marijuana or its components."

<u>CAUSE OF ACTION</u>

<u>FIRST CLAIM</u>

Wrongful Discharge in Violation of Public Policy and Oklahoma Law

20. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state as follows:

21. 63 O.S. §420 et. seq. is a legislative provision that prescribes a norm of conduct for the state of Oklahoma and serves as a source of Oklahoma's public policy.

22. 63 O.S. §425(B) further prohibits the termination of a patient with a valid medical marijuana license under the facts presented above.

23. Plaintiff performed an act consistent with a clear and compelling public policy when he obtained a medical marijuana license and safely medicated during his non-work hours.

24. Defendant violated a clear and compelling public policy when it terminated Plaintiff's employment for using medical marijuana, despite his medical marijuana

patient license, and in violation of 63 O.S. §425(B) and *Burke v. Kmart*, 1989 OK 22; 770 P.2d 24 (1989).

SECOND AND THIRD CLAIMS

Invasion of Privacy and Intrusion Upon Seclusion

25. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state as follows:

26. Within days of Plaintiff's employment being terminated by Defendant, Defendant's employee/foreman came to Plaintiff's place of residence uninvited and unannounced.

27. Plaintiff and employee/foreman had no relationship outside of work whatsoever.

28. The employee/foreman was aware of the facts surrounding Plaintiff's termination and told Plaintiff this. Employee/foreman was not in Plaintiff's chain of command and there was no reason for him to know of the reason underlying Plaintiff's termination. Plaintiff had not spoken to him of it. The only way he could have been informed of Plaintiff's termination was from Defendant. Employee/foreman admitted to Plaintiff he was told by another employee of Defendant's regarding the circumstances surround Plaintiff's termination.

29. Oklahoma common law provides that if private facts are publicly disclosed about plaintiff which a reasonable person might find to be highly offensive then an invasion of privacy has occurred and liability attaches.

30. Employee/foreman also attempted to intimidate and harass Plaintiff verbally and with verbal innuendo that Plaintiff should not seek legal action against Defendant

making statements such as, "It's going to be a fight from here on out", "You won't have a leg to stand on", "Don't bring suit unless you have deep pockets."

31. The Oklahoma Supreme Court has held that an intrusion upon seclusion claim has two elements: 1) a nonconsensual intrusion, 2) which is highly offensive to a reasonable person. Dubbs v. Head Start, Inc., 336 F.3d 1194, 1220 (10th Cir. 2003) (relying upon Gilmore v. Enogex, Inc., 878 P.2d 360, 366 (Okla. 1994).

32. Employee/foreman's intrusion was not only nonconsensual, but it was highly offensive to Plaintiff and is highly offensive to a reasonable person for a co-worker to know the specific facts surrounding his termination, which also implicates his private medical and employment related business.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that this Court enter an order for judgment against the Defendant in an amount in excess of $75,000.00 for wrongful termination, invasion of privacy, and intrusion upon seclusion, punitive damages, and for reasonable attorneys' fees and costs incurred herein and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,


_____
Nicholas S. Paynter, OBA #21775
Scissortail Legal Group, PLLC
1603 E. 19th Street, Suite 108
Edmond, OK 73013
(405) 757-4217
(405)252-5657
nick@scissortaillaw.com
Attorney for Plaintiff

VERIFICATION

STATE OF OKLAHOMA            )
                            ) ss:
COUNTY OF OKLAHOMA          )

    Nicholas S. Paynter, of legal age, being first duly sworn upon her oath, states:

    That he is the attorney for Plaintiff above named; that he has read the above and foregoing Complaint and knows the contents thereof, and that the statements, allegations and facts therein set forth are true and correct to the best of his information and belief.

_____

Nicholas S. Paynter

    Subscribed and sworn to before me this 4th day of May 2020.

AMY S. KINGRY
NOTARY
# 19008635
EXP. 08/26/23
PUBLIC
STATE OF OKLAHOMA

Notary Public

My Commission Expires: 8/26/2023
My Commission Number: 19008635